IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| CAROLYN HOLLINGSWORTH, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| vs. | * | CASE NO.   6:05-CV-4 (WLS) |
| | * | |
| JO ANNE B. BARNHART, | * | |
| COMMISSIONER OF | * | |
| SOCIAL SECURITY, | * | |
| | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |
| _____ | * | |

### REVISED RECOMMENDATION

The Report and Recommendation filed in this action as Document #18 on February 16, 2006, contained mathematical miscalculation as to the total amount of Attorney's fees to be awarded. That Report and Recommendation is hereby withdrawn. The correction calculations have been made and this Revised Recommendation is filed to replace Document # 18.

Presently pending before the Court is Petitioner's (Plaintiff's attorney) Motion for Attorney's Fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As allowed by the EAJA, Petitioner has filed a motion for attorney fees and costs. Petitioner seeks an award of attorney's fees in the amount of $3,948.92, based upon an hourly rate of $159.60 for 13.95 attorney work hours and $65.00 for 26.5 paralegal work hours. Defendant contests the motion on the basis that $159.60 per hour attorney fees and $65.00 per hour paralegal fees are excessive for the Thomasville Division of the Middle District of Georgia. Under the EAJA, the statutory cap is $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee." 28 U.S.C. § 2412(d)(2)(a). The burden of proof is upon Petitioner to prove that an upward adjustment from the statutory cap of $125.00 is justified in the Thomasville Division of the Middle District of Georgia. In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fee under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id*. at 1033-1034 (citations and footnote omitted).

In a decision dated October 30, 2000, from the Macon Division of the Middle District of Georgia, (*Usher v. Apfel*, 2000 WL 1639365 (M.D.Ga. Oct. 30, 2000), the Honorable Wilbur D. Owens, Jr., United States District Judge, ordered an upward adjustment from the statutory cap of $125.00 per hour by applying the cost of living increases set forth in the United States Bureau of Labor Statistics Consumer Price Index ("CPI-U"). As in the *Usher* case, Petitioner has provided the Consumer Price Index ("CPI) cost-of-living statistics, affidavits from local attorneys in Thomasville, Georgia, setting out their fees for work comparable to social security cases, and his own affidavit setting out the time billed for himself and his paralegal.

The current rates in 2005 are calculated as follows: ($125 per hour x 198.8/ 155.7) where 198.8 equals the CPI-U of September 2005, where 155.7 equals the annual average "All Items Index" for the South in 1996, and where $125.00 reflects the current statutory amount for fees. This formula produces a current hourly rate of $159.60.

Accordingly, Petitioner has met his burden and his Motion for Attorney fees under EAJA is hereby **GRANTED** as follows: Petitioner is entitled to $159.60 for 13.95 hours of attorney time expended in this action, $65.00 per hour for 26.5 hours of paralegal time expended, said amounts totaling $3,948.92.

**WHEREFORE**, it is the recommendation to the United States District Judge that Petitioner's Motion for Attorney's fees pursuant to 28 U.S.C. § 2412 (d) be **GRANTED**, and that payment be forwarded to said Petitioner in the amount of $3,948.92.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned within ten (10) days after being served a copy of this Recommendation.

**SO RECOMMENDED**, this 22nd day of February, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE